MAS-20040305
marchand

Case 4:05-cv-40152-FDS   Document 4   Filed 09/06/2005   Page 1 of 24

Commonwealth of Massachusetts

09/06/2005
11:11 AM

WORCESTER SUPERIOR COURT
Case Summary
Civil Docket

## WOCV2005-01483
### Johnson v Coleman II

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/11/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 09/06/2005 | **Session** | B - Civil B (18 Worcester) | | |
| **Origin** | 1 | **Case Type** | B03 - MV negligence/pers injury/prop dmg | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 11/09/2005 | **Answer** | 01/08/2006 | **Rule12/19/20** | 01/08/2006 |
| **Rule 15** | 01/08/2006 | **Discovery** | 06/07/2006 | **Rule 56** | 07/07/2006 |
| **Final PTC** | 08/06/2006 | **Disposition** | 10/05/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Robert A Johnson
Active 08/11/2005

**Private Counsel 547529**
Anthony M Salerno
Scannell & Salerno
316 Main Street
4th floor
Worcester, MA 01608
Phone: 508-795-1200
Fax: 508-795-1333
Active 08/11/2005 Notify

**Defendant**
Clement Jack Coleman II
P.O. Box 866
Oak Bluffs, MA 02557
Phone: 508-627-7840
Answered: 08/26/2005
Answered 08/26/2005 Notify

**Plaintiff/counterclaim**
Clement Jack Coleman II
Active 08/29/2005

**Defendant/counterclaim**
Robert A Johnson
Active 08/29/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/11/2005 | 1.0 | Complaint civil action cover sheet and Rule 29 statement filed-CJ |
| 08/11/2005 | | Origin 1, Type B03, Track F. |
| 08/11/2005 | | Filing fee paid in the amount of $240.00 including $15.00 surcharge |

| CIVIL ACTION<br>COVER SHEET | DOCKET NO(s)<br>05-1483 B | Trial Court of Massachusetts<br>Superior Court Department<br>County: WORCESTER |
|---|---|---|

| PLAINTIFF(S)<br>Robert A. Johnson | DEFENDANT(S)<br>T. G. Jack Coleman, II |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE<br>Anthony M. Salerno, Esq.<br>316 Main Street, Worcester, MA 01608<br>Board of Bar Overseers number: 547529    (508) 795-1200 | ATTORNEY (If known) |

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (X)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)    TRACK        IS THIS A JURY CASE?

B03        MV Negligence/Personal Injury  F )        (X) Yes    ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,670.46
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 690.00
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 2,545.00
5. Total other expenses (describe) Ambulance, Diagnostic Testing, Prescriptions . . . $4,270.28
                    Subtotal $9,175.74
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . $
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . $
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $unknown
F. Other documented items of damages (describe)
                           $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Multiple severe muscle strains mainly of the back.

                   $9,175.74
                   TOTAL $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

**FILED**

Provide a detailed description of claim(s):

AUG 1 1 2005

ATTEST:

_Francis A. Ford_

CLERK

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Anthony M. Salerno_    DATE: 8/11/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

B88

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05 - 1483

```
                                  )
ROBERT A. JOHNSON,                )
            Plaintiff,            )
                                  )
        vs.                       )     COMPLAINT AND DEMAND
                                  )        FOR JURY TRIAL
CLEMENT JACK COLEMAN II,          )
            Defendant.            )
                                  )
```

## FILED

AUG 1 1 2005

ATTEST:

CLERK

## PARTIES

1.      The plaintiff, Robert A. Johnson, is an individual residing in the Town of Whitinsville, County of Worcester, Commonwealth of Massachusetts.

2.      The defendant, Clement Jack Coleman II is an individual who, at the time of the accident resided in the Town of Oak Bluffs, County of Dukes, Commonwealth of Massachusetts, hereinafter referred to as "Coleman."

## FACTS

3.      On or about August 28, 2002, the defendant, Coleman, was operating a motor vehicle owned by Tri State Subaru, on a public way located in the Town of Sutton, County of Worcester, Commonwealth of Massachusetts, known as Route 146, hereinafter referred to as the "Coleman vehicle".

4.      At the same time and place, the plaintiff, Robert A. Johnson, hereinafter referred to as "Johnson", was a pedestrian on the median along a public way on Route 146, in the Town of Sutton, County of Worcester, Commonwealth of Massachusetts.

5.      The defendant, C. Jack Coleman, so negligently and carelessly operated the Coleman vehicle so as to cause it to collide with Johnson.

6.      As a direct and proximate result of the defendant, Coleman's, negligent, careless, wrongful, improper and unlawful operation of said motor vehicle, the plaintiff was caused serious personal injuries to both body and mind.



PAGE TWO

## COUNT I

7.     This is a cause of action by plaintiff, Robert A. Johnson, against the defendant, Clement Jack Coleman II, for negligence resulting in personal injury.

8.     The defendant, Clement Jack Coleman II, so negligently and carelessly operated the Coleman vehicle so as to cause it to collide with Johnson.

9.     As a direct and proximate result of the defendant, Clement Jack Coleman's, negligent, careless, wrongful, improper and unlawful operation of said motor vehicle, the plaintiff was caused serious personal injuries to both body and mind.

WHEREFORE, plaintiff, Robert A. Johnson, demands judgment against the Defendant, Clement Jack Coleman II, in the amount of his damages, together with costs, interest and attorney's fees.

## JURY TRIAL CLAIM

THE PLAINTIFF, ROBERT A. JOHNSON, RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL ISSUES.

ROBERT A. JOHNSON
By his attorney,

Anthony M. Salerno, Esquire
SALERNO LAW GROUP, P.C.
316 Main Street
Worcester, MA  01608
(508) 795-1200
BBO NO. 547529

Dated: August 11, 2005

A true copy by photostatic process
Attest:
Asst. Clerk

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

```
                                    )
ROBERT A. JOHNSON,                  )
                                    )
          Plaintiff,                )
                                    )            UNIFORM COUNSEL
     vs.                            )    CERTIFICATION FOR CIVIL CASES
                                    )
C. JACK COLEMAN, II,                )
                                    )
          Defendant.                )
                                    )
```

I am attorney-of-record for Robert A. Johnson, plaintiff in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1: 18) which states in part: ". . . Attorneys shall:  provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent . . ."

I hereby certify that I have complied with this requirement.

_Anthony M. Salerno_
Anthony M. Salerno
Attorney for Plaintiff

A true copy by photostatic process
Attest: _____
     Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**FILED**

AUG 2 6 2005

ATTEST:

ROBERT A. JOHNSON

*Francis A. Ford*

CLERK

Plaintiff (s)

v.

CLEMENT JACK COLEMAN II

Defendant (s)

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 05 - 1483 *B*

)
)
)
)                    **SUMMONS**
)
)
)
)

\*    To the above-named Defendant:        Clement Jack Coleman II

You are hereby summoned and required to serve upon.......................................
.....Anthony..M...Salerno,..Esquire..................................., plaintiff's attorney,
whose address is ...316..Main..Street,..Suite..400,..Worcester,..MA...01608..........
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE, . Esquire, at Worcester, the...eleventh.........
day of ...August..................................................in the year of our Lord two thousand  and
...five.......................



*Francis A. Ford*

Clerk

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*        NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
         if you claim to have a defense, either you or your attorney must serve a copy of your written
         answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
         Court, Room 21.

*RmV*
*need copies*
*to cur*

## PROOF OF SERVICE OF PROCESS

**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

08/16/2005

I hereby certify and return that on 08/15/2005 at 11:35am, I served two copies of the within Summons and Complaint & Demand for Jury Trial, Uniform Counsel Certification for Civil Cases, Civil Action Cover Sheet upon the within named CLEMENT JACK COLEMAN II, by delivering in hand to JULIE COCHRAN, agent of the Massachusetts Registry of Motor Vehicles at 611 Main Street, Worcester, MA along with $10.00 in fees. Fees: Service 30.00, Travel 3.84, Conveyance 2.00, Attest 5.00 & Postage and Handling 1.00 & Registry Fee 10.00, Total Fees: $51.84.

Deputy Sheriff Steven J Trottier

_____

**Deputy Sheriff**

**N.B. TO PROCESS SERVER:**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX

**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| August 15 , 20 05 |
| --- |

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**Superior Court Civil Action**

No. 05-1483-C

..........Robert A. Johnson..........Plaintiff

v.

Clement Jack Coleman II ..........Defendant

**SUMMONS**

(Mass. R. Civ. P. 4)

A true copy by photostatic process
Attest:
Asst. Clerk



# *The Commonwealth of Massachusetts*

## *Registry of Motor Vehicles*

### *One Copley Place, Boston   02116*

Kimberly Hinden
*Registrar*

Mail:
P.O. Box 199100
Boston, MA 02119-9100
www.mass.gov/rmv

**RECEIVED**

AUG 2 2 2005

August 19, 2005

Anthony J. Salerno, Esq.
316 Main Street, Suite 400
Worcester, MA  01608

RE:  ROBERT A. JOHNSON VS. CLEMENT JACK COLEMAN, II.
WORCESTER, SS., SUPERIOR COURT DEPARTMENT- CIVIL ACTION NO #
05-1483

Dear Atty. Salerno:

The attached process has been served on the defendant pursuant to the provisions of M.G.L. c. 90 §3D. Below please find the executed affidavit set forth in §3D, which by law serves as prima facie evidence of service upon that party.

## **AFFIDAVIT**

This hereby certifies that the attached process served upon the Registrar of Motor Vehicles was forwarded by mail August 19, 2005, postage prepaid, to Clement Jack Coleman, II. at the last address appearing in the Registrar's records. This is in accordance with the provisions of M.G.L. c. 90, §3D.

Signed under the pains and penalties of perjury on August 19, 2005.

Signed: _Kathleen Munson_
Kathleen Munson, Keeper of the Records

ba

A true copy by photostatic process
Attest:
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

*8·15·05*

A TRUE COPY ATTEST

DEPUTY SHERIFF

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. 05-1483

ROBERT A. JOHNSON

                            Plaintiff (s)

v.

CLEMENT JACK COLEMAN II

                            Defendant (s)

## SUMMONS

\* To the above-named Defendant:    Clement Jack Coleman II

You are hereby summoned and required to serve upon.....................................
.....Anthony..M...Salerno.,..Esquire..................................., plaintiff's attorney,
whose address is ...316..Main..Street,..Suite..400,..Worcester,..MA...01608.........
an answer to the complaint which is herewith served upon you, within 20 **days** after
service of this summons upon you, exclusive of the day of service. If you fail **to do so**,
judgement by default will be taken against you for the relief demanded **in the complaint**.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, BARBARA J. ROUSE,    . Esquire, at Worcester, the.....eleventh.........
day of .........August.............................in the year of our Lord two thousand  and
.....five.............. .

RECEIVED
REGISTRY OF MOTOR
VEHICLES

AUG 19 2005

*Frank A. Ford*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21

*RMV
need col*

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

05 - 1483 B

|  |  |
|---|---|
| ROBERT A. JOHNSON, | ) |
| *Plaintiff,* | ) |
|  | ) |
| *vs.* | ) |
|  | ) |
| CLEMENT JACK COLEMAN II, | ) |
|  | ) |
| *Defendant.* | ) |

COMPLAINT AND DEMAND
FOR JURY TRIAL

**RECEIVED**

AUG 11 2005

CLERK OF COURTS
WORCESTER COUNTY

### PARTIES

1.    The plaintiff, Robert A. Johnson, is an individual residing in the Town of Whitinsville, County of Worcester, Commonwealth of Massachusetts.

2.    The defendant, Clement Jack Coleman II is an individual who, at the time of the accident resided in the Town of Oak Bluffs, County of Dukes, Commonwealth of Massachusetts, hereinafter referred to as "Coleman."

### FACTS

3.    On or about August 28, 2002, the defendant, Coleman, was operating a motor vehicle owned by Tri State Subaru, on a public way located in the Town of Sutton, County of Worcester, Commonwealth of Massachusetts, known as Route 146, hereinafter referred to as the "Coleman vehicle".

4.    At the same time and place, the plaintiff, Robert A. Johnson, hereinafter referred to as "Johnson", was a pedestrian on the median along a public way on Route 146, in the Town of Sutton, County of Worcester, Commonwealth of Massachusetts.

5.    The defendant, C. Jack Coleman, so negligently and carelessly operated the Coleman vehicle so as to cause it to collide with Johnson.

6.    As a direct and proximate result of the defendant, Coleman's, negligent, careless, wrongful, improper and unlawful operation of said motor vehicle, the plaintiff was caused serious personal injuries to both body and mind.

PAGE TWO

## COUNT I

7.    This is a cause of action by plaintiff, Robert A. Johnson, against the defendant, Clement Jack Coleman II, for negligence resulting in personal injury.

8.    The defendant, Clement Jack Coleman II, so negligently and carelessly operated the Coleman vehicle so as to cause it to collide with Johnson.

9.    As a direct and proximate result of the defendant, Clement Jack Coleman's, negligent, careless, wrongful, improper and unlawful operation of said motor vehicle, the plaintiff was caused serious personal injuries to both body and mind.

WHEREFORE, plaintiff, Robert A. Johnson, demands judgment against the Defendant, Clement Jack Coleman II, in the amount of his damages, together with costs, interest and attorney's fees.

## JURY TRIAL CLAIM

THE PLAINTIFF, ROBERT A. JOHNSON, RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL ISSUES.

ROBERT A. JOHNSON
By his attorney,

Anthony M. Salerno, Esquire
SALERNO LAW GROUP, P.C.
316 Main Street
Worcester, MA  01608
(508) 795-1200
BBO NO. 547529

Dated: August 11, 2005

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.

ROBERT A. JOHNSON,

   *Plaintiff,*

  *vs.*

C. JACK COLEMAN, II,

   *Defendant.*

)
)
)
)
)
)
)
)
)
)

**UNIFORM COUNSEL
CERTIFICATION FOR CIVIL CASES**

I am attorney-of-record for Robert A. Johnson, plaintiff in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1: 18) which states in part: ". . . Attorneys shall:  provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent . . ."

I hereby certify that I have complied with this requirement.

Anthony M. Salerno
Attorney for Plaintiff

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: WORCESTER |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Robert A. Johnson | C. Jack Coleman, II |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Anthony M. Salerno, Esq. 316 Main Street, Worcester, MA 01608 Board of Bar Overseers number: 547529   (508) 795-1200 | |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | MV Negligence/Personal Injury | ( F ) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................... $ 1,670.46
2. Total Doctor expenses ................................................... $ 690.00
3. Total chiropractic expenses ................................................ $
4. Total physical therapy expenses ........................................ $ 2,545.00
5. Total other expenses (describe) Ambulance, Dianostic Testing, Prescriptions. $ 4,270.28
   Subtotal $ 9,175.74

B. Documented lost wages and compensation to date ........................ $
C. Documented property damages to date .................................... $
D. Reasonably anticipated future medical and hospital expenses ............ $ unknown
E. Reasonably anticipated lost wages ...................................... $
F. Other documented items of damages (describe)
   $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Multiple severe muscle strains mainly of the back.

   $ 9,175.74
   TOTAL $

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record   *Anthony M. Salerno*   DATE: 8/11/05

AOTC-6 mtc005-11/99

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05-1483B

-------------------------------------------------------

)
ROBERT A. JOHNSON,                          )
)
Plaintiff,                        )
)
vs.                                  )
)
CLEMENT JACK COLEMAN II,             )
)
Defendant,                      )
)
-------------------------------------------------------

**FILED**

AUG 2 6 2005

ATTEST:

CLERK

## DEFENDANT'S ANSWER WITH COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

### PARTIES

1.  The defendant Clement Jack Coleman II, hereinafter referred to as "Coleman", is without sufficient knowledge to admit or deny the allegations contained in ¶ 1 of the plaintiffs' complaint.

2.  Coleman admits the allegations contained in ¶ 2 of the plaintiffs' complaint.

### FACTS

3.  Coleman admits the allegations contained in ¶ 3 of the plaintiffs' complaint.

4.  Coleman denies the allegations contained in ¶ 4 of the plaintiffs' complaint.

5.  Coleman denies the allegations contained in ¶ 5 of the plaintiffs' complaint.

6.  Coleman denies the allegations contained in ¶ 6 of the plaintiffs' complaint.

### COUNT I

7.  Coleman admits the allegations contained in ¶ 7 as to cause of action; Coleman denies allegations contained in ¶ 7 as to negligent conduct by defendant; Coleman denies allegations contained in ¶ 7 as to personal injury to plaintiff, all contained in plaintiffs' complaint.

1

8.     Coleman denies the allegations contained in ¶ 8 of the plaintiffs' complaint.

9.     Coleman denies the allegations contained in ¶ 9 of the plaintiffs' complaint.

## FIRST AFFIRMATIVE DEFENSE

If the plaintiff suffered injuries or damages as alleged, such damages were caused by the acts or omissions of someone for whose conduct the answering defendant was not and is not legally responsible and over whom the answering defendant had no control.

## SECOND AFFIRMATIVE DEFENSE

The plaintiffs' complaint should be dismissed due to insufficiency of service of process as to the answering defendant.

## THIRD AFFIRMATIVE DEFENSE

The plaintiffs' complaint fails to state a claim upon which relief could be granted and should be dismissed pursuant to Mass. R.Civ. P. 12 (b)(6).

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff, Robert A. Johnson has failed to state a claim upon which relief could be granted and should be dismissed pursuant to Mass. R.Civ. P. 12 (b)(6).

## FIFTH AFFIRMATIVE DEFENSE

The plaintiff failed to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' complaint and action is barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiff did deliberately assault and beat the defendant causing the defendant to sustain serious bodily injury and mental damage.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff did deliberately assault and batter the defendant using a dangerous weapon, a metal baton (hereinafter "ASP").

## NINTH AFFIRMATIVE DEFENSE

The plaintiff by virtue of his use of excessive force did deliberately and maliciously destroy property.

2

## TENTH AFFIRMATIVE DEFENSE

The plaintiff by excessive force, wrongful arrest, assault and battery of the defendant did cause him serious bodily injury.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff wrongfully arrested and maliciously prosecuted the defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff did wrongfully arrest, assault, batter and maliciously prosecute the defendant in violation of the defendant's civil rights under State law.

## THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff did wrongfully arrest, assault, batter and maliciously prosecute the defendant in violation of the defendant's federal civil rights under 42 U.S.C. § 1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

If plaintiff was injured, it was in the course of and caused by his use of excessive force in arrest and his assault and battery of the defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any damages suffered by the plaintiff, Robert A. Johnson, were caused by his reckless, careless, negligent, and his willfully violent conduct and for which he had no legal cause, justification or excuse.

WHEREFORE, defendant demands plaintiffs' Complaint be dismissed with prejudice, and that costs and attorney's fees be awarded to the answering defendant in defense of this action.

## COUNTERCLAIMS OF CLEMENT JACK COLEMAN II, AGAINST ROBERT A. JOHNSON

1. The plaintiff did deliberately assault and batter the defendant with his fists, pepper spray and a metal baton (ASP), causing the defendant to sustain serious bodily injury, physical and mental pain and suffering.

2. The plaintiff by use of excessive force did deliberately and maliciously destroy property, which resulted payment by the defendant to Safety Insurance Company, for the damage to the vehicle being driven by the defendant, which was owned by another party.

3. The plaintiff by his wrongful arrest, use of excessive force, carelessness, negligence, and/or recklessness did cause injury to defendant.

3

4.  The plaintiff did maliciously prosecute the defendant, resulting in fifteen months of pre-trial incarceration.

5.  As a direct result of the plaintiff's wrongful arrest, malicious prosecution, and the resulting pre-trial detention, the defendant lost his home to foreclosure, and incurred storage bills for his personal property.

6.  The plaintiff did wrongfully arrest, arrested with excessive force, assaulted and battered the defendant in violation of the defendant's Civil Rights pursuant to 42 U.S.C. § 1983, and the law of this Commonwealth.

WHEREFORE, the defendant, Clement Jack Coleman II, demands judgment against Robert A. Johnson, for personal injuries, loss of property, costs, and violation of Civil Rights.

JURY CLAIM

The answering defendant claims a trial by jury on all issues in the complaint, and counterclaim.

Respectfully submitted,
The defendant

Clement Jack Coleman II
P.O. Box 866
Oak Bluffs, MA 02557
(508) 627-7840

DATED:  August 26, 2005

## CERTIFICATE OF SERVICE

I, Clement Jack Coleman II, pro se, hereby certify that I have this day served a copy of the foregoing document, by first-class mail, postage prepaid, to the following counsel of record:

Anthony M. Salerno, Esquire
SALERNO LAW GROUP, P.C.
316 Main Street, Suite 400
Worcester, MA 01608

Clement Jack Coleman II

Dated: August 26, 2005

## CERTIFICATE OF SERVICE

I, Clement Jack Coleman II, pro se, hereby certify that I have this day served a copy of the foregoing document, by first-class mail, postage prepaid, to the following counsel of record:

Anthony M. Salerno, Esquire
SALERNO LAW GROUP, P.C.
316 Main Street, Suite 400
Worcester, MA 01608

*Clement Jack Coleman II*
Clement Jack Coleman II

Dated: August 26, 2005

A true copy by photostatic process
Attest:
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 05-1483B

```
-------------------------------------------------
                                       )
ROBERT A. JOHNSON,                     )
                                       )
              Plaintiff,               )
                                       )
        vs.                            )
                                       )
CLEMENT JACK COLEMAN II,               )
                                       )
              Defendant,               )
                                       )
-------------------------------------------------
```

**FILED**

SEP - 6 2005

ATTEST:

_Francis A. Ford_

CLERK

## NOTICE OF FILING FOR REMOVAL

**TO:    CLERK OF COURT – CIVIL**
**WORCESTER SUPERIOR COURT**
**COURT HOUSE, ROOM 21**
**2 MAIN STREET**
**WORCESTER, MA 01608**

Pursuant to 28 U.S.C. 1446(d), the Defendant, Clement Jack Coleman II, hereby gives notice that on August 26, 2005, he filed with the United States District Court for the District of Massachusetts a Notice of Removal of this case from the Worcester Superior Court to the United States District Court for the District of Massachusetts. Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal effects the removal and this Court shall proceed no further unless and until the case is remanded. A copy of the Notice of Removal is attached hereto.



Defendant, Clement Jack Coleman II,

_Clement Jack Coleman II_

Clement Jack Coleman II
P.O. Box 866
Oak Bluffs, MA 02557
(508) 627-7840

Dated: ~~August~~ _September_ _1_, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT A. JOHNSON,
    Plaintiff,

V.

CLEMENT JACK COLEMAN II,
    Defendant,

)
)
)
)
)
)
)
)
)

05-40152 FDS

## NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C. § 1441, the Defendant, Clement Jack Coleman II, hereby remove to this court the state court action described below. In support of this notice, the Defendant states:

1. On or about August 11, 2005, an action was commenced in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in the County of Worcester, entitled Robert A. Johnson v. Clement Jack Coleman II, bearing Civil Action No. 05-1483B. The Defendant first received a copy of the summons and complaint on August 24, 2005 via U.S. Postal Delivery.

2. Plaintiff, Robert A. Johnson, alleges motor vehicle negligence resulting in personal injury, and seeks compensatory relief.

### JURISDICTION

3. This is a civil action over which this court has jurisdiction. Removal is timely because this notice is filed within 30 days of the filing of the complaint.

4. Defendant has answered complaint and Defendant's counterclaims include allegations of Civil Rights violations of both State and Federal Laws.

## CONCLUSION

5. THIS Notice of Removal is filed within 30 Days of the Receipt By the Defendant of the Summons and Complaint.

6. Defendant is providing written notice of this Removal of the state court Action to plaintiff and the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts in the County of Worcester.

Respectfully submitted,

Defendant,

CLEMENT JACK COLEMAN II

Clement Jack Coleman II    PRO SE

CLEMENT JACK COLEMAN II
P.O. Box 866
OAK BLUFFS, MA 02557
Phone: (508) 627-7840

A true copy by photostatic process
Attest:
Asst. Clerk

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET 05 - 40152

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Robert A. Johnson

**DEFENDANTS**
Clement Jack Coleman II (Pro Se)

**(b)** County of Residence of First Listed Plaintiff **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Salerno Law Group
Anthony M. Salerno, Esquire    (508) 795-1200 P.C.
316 Main St., Suite 407, Worcester, MA 01608

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:
MV Negligence / Personal Injury

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 9,175.74
CHECK YES only if demanded in complaint.
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NUMBER

DATE September 1, 2005
SIGNATURE OF ATTORNEY OF RECORD
Clement Jack Coleman II Pro Se

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  Robert A.  **05-40152**  ~1
   _Clement Jack Coleman II_   ___DISTRICT OFFICE___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   ___  I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   _X_  III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

   ___  IV.     220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

   ___  V.      150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                YES ☐         NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28
   USC §2403)

                                                YES ☐         NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                YES ☐         NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                YES ☐         NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                YES ☐         NO ☒

       A.    If yes, in which division do all of the non-governmental parties reside?

             Eastern Division ☐         Central Division ☐         Western Division ☐

       B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
             agencies,  residing in Massachusetts reside?

             Eastern Division ☐         Central Division ☒         Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
   submit a separate sheet identifying the motions)

                                                YES ☐         NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   _Clement Jack Coleman II  Pro Se_

ADDRESS   _P.O. Box 866  Oak Bluffs, MA 02557_

TELEPHONE NO.  _(508) 627-7840_

(CategoryForm.wpd -5/2/05)