## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                       )
**ROBERT A. JOHNSON,**                 )
                                       )
        **Plaintiff,**                 )
                                       )
        **v.**                         )        **C.A. No. 05-40152-FDS**
                                       )
**CLEMENT JACK COLEMAN II,**           )
                                       )
        **Defendant.**                 )
_____)

### MEMORANDUM AND ORDER FOR DISMISSAL

**SAYLOR, D.J.**

For the reasons stated herein: (1) defendant's Application to Proceed Without Prepayment of Fees (#2) is allowed; and (2) this action is remanded to the Worcester Superior Court.

### Background

On September 1, 2005, defendant Clement Jack Coleman II, a resident of Oak Bluffs, Massachusetts, filed a *pro se* Notice of Removal, pursuant to 28 U.S.C. § 1441, of a civil personal injury action originally filed on August 11, 2005, in the Worcester Superior Court (Case No. 05-01483B), by plaintiff Robert A. Johnson, a resident of Whitinsville, Massachusetts.

Plaintiff's one-count complaint alleges that on August 28, 2002, defendant Coleman negligently operated a motor vehicle on a public way in Sutton, Massachusetts, and collided with the plaintiff, who was a pedestrian at that time. As a result, plaintiff alleges he suffered bodily injuries and pain and suffering, and seeks monetary damages.

Defendant's Notice of Removal states that he has filed an answer to the complaint and has asserted a counterclaim alleging civil rights violations of both state and federal law. With his Notice of Removal, defendant filed an Application to Proceed Without Prepayment of Fees to

waive the removal fee.

**Analysis**

**I.      The Application to Proceed Without Prepayment of Fees**

Defendant's Application to Proceed Without Prepayment of Fees indicates that he is currently unemployed and that his last employment was in June 2002.  He states he has no assets or income and that he has $27.00 in a bank account.  Based on this financial disclosure, this Court finds defendant is without sufficient funds to pay the $250.00 removal fee.

Accordingly, the Application to Proceed Without Prepayment of Fees (#2) is allowed.

**II.     Subject Matter Jurisdiction**

This Court has an obligation to inquire *sua sponte* whether subject matter jurisdiction exists.  *See In re Recticel Foam Corp.*, 859 F.2d 1000, 1002 (1st Cir. 1988); *Pallazola v. Rucker*, 797 F.2d 116, 1128 (1st Cir. 1986).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."  28 U.S.C. § 1447(c).  For the reasons set forth below, this Court lacks subject matter jurisdiction over this proceeding.

Removal jurisdiction is governed by 28 U.S.C. § 1441, which provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Under § 1441, an action can only be removed to federal court if it might have been brought there originally.  *Scotiabank De Puerto Rico v. Residential Partners S.E.*, 350 F. Supp. 2d 334, 336 (D. P. R. 2004) (citing 14B Charles A. Wright, Arthur R. Miller & Edward H.

2

COOPER, *Federal Practice and Procedure* § 3721, at 189 (1985)).

Under the "well-pleaded" complaint rule, the allegations in the complaint determine whether a case presents a "claim or right arising under the Constitution, treaties or laws of the United States." *Scotiabank De Puerto Rico*, 350 F. Supp. 2d at 337 (citing *Louisville & N.R. Co. v. Motley*, 211 U.S. 149 (1908) as establishing this rule). *See also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987) (cause of action arises only if well-pleaded complaint raises issues of federal law); *Rosello-González v. Calderón-Serra*, 398 F. 3d 1, 10 (1st Cir. 2005).

A defendant may not assert removal jurisdiction based on a federal counterclaim to a state-law claim. *See, e.g., Property Clerk, New York City Police Dept. v. Fyfe*, 197 F. Supp. 2d 39, 41 (S.D.N.Y. 2002) (" . . . like a defense, a counterclaim is insufficient to create removal jurisdiction under the well-pleaded complaint rule"); *DeYoung v. Lorentz*, 887 F. Supp. 254 (D. Kan. 1995).[1]

Thus, a plaintiff may avoid litigating in federal court by tailoring his complaint to assert only state law claims and exclusively rely on state law. *Sovereign Bank*, 376 F. Supp. 2d at 5 (citing *Caterpillar, Inc.*, 482 U.S. at 392) (a plaintiff is permitted to "avoid federal jurisdiction by exclusive reliance on state law."); *See Danca v. Private Health Care Systems, Inc.*, 185 F.3d 1, 5 (1st Cir. 1999) (a plaintiff is the master to decide upon what law he will rely, and he "has the prerogative to rely on state law alone although both federal and state law may provide a cause of action."); *Brawn*, 167 F. Supp. 2d at 149 (same).

It is clear that this Court lacks removal jurisdiction because the complain rests entirely on

---

[1]There are two exceptions to the well-pleaded complaint rule--where Congress has expressly provided for removal, or "when a federal statute wholly displaces the state-law cause of action, through complete pre-emption." *Sovereign Bank*, 376 F. Supp. 2d at 6.    Neither of these exceptions applies to the present case.

state law.[2]  The fact that defendant has raised issues of federal law in his counterclaims is insufficient to invoke the removal jurisdiction of this Court.

Accordingly, this action is ordered remanded to the Worcester Superior Court for further proceedings.

### Conclusion

Based on the foregoing, it is hereby ORDERED:

1.     Defendant's Application to Proceed Without Prepayment of Fees (#2) is ALLOWED; and

2.     This action shall be REMANDED to the Worcester Superior Court.

**So Ordered.**

Date: September 13, 2005

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

---

[2]  The Court also notes that jurisdiction cannot be based on diversity of citizenship under 28 U.S.C. § 1332, because both parties are citizens of Massachusetts.

4